# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
TODD DANNHAUSER, and
TD CO., L.P.,

                                                                                         Case No. 16-CV-747(CM)

        Plaintiffs,

-against-

TSG REPORTING, INC.,

        Defendant.
------------------------------------------- X

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

I.

### RESERVATION OF RIGHTS

These responses and objections are made without any waiver of:

1. The right to object to the competency, relevancy, or materiality of any Response or the subject matter of any Response;

2. All objections that may be available at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any document does not constitute an admission by Plaintiffs that such document or the information contained therein is relevant to this action or admissible in evidence. Plaintiffs do not waive or intend to waive but, rather, intend to preserve and hereby do preserve all rights to object on any ground to the use of any of these Responses and/or documents produced in this or any other case, action, matter or proceeding; and

3. The right to supplement, revise, correct, or clarify any of the Responses herein and to produce and utilize additional documents that may become available or come to Plaintiffs'

9. Plaintiffs object to each Request to the extent it imposes upon Plaintiffs unreasonable burden or costs.

10. Plaintiffs object that each Request is excessively overbroad to the extent it is not confined to any particular time period and seeks disclosure of documents, materials, or other information concerning time periods that are beyond the scope of those involved in this litigation.

11. Plaintiffs object to each Request to the extent it seeks information that is cumulative or redundant when joined with or compared to any other discovery request.

## III.

### RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to, and without waiving, any General Objections, and specifically incorporating the General Objections into each of the Responses and Objections to specific Requests set forth below, Plaintiffs respond to each Request as follows:

### REQUEST FOR PRODUCTION NO. 1:

All documents relating to commissions Plaintiffs allege to have been erroneously calculated or unpaid by TSG.

### RESPONSE:

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request because it purports to require Plaintiffs to disclose information or documents outside of Plaintiffs' possession, custody or control and/or seeks documents in Defendant's possession, custody, or control. Subject to, and without waiving, the foregoing general and specific objections, Plaintiffs will produce non-privileged documents that are not subject to the work product doctrine or other immunity or exemption in Plaintiffs' possession, if any, responsive to this Request, as Plaintiffs understand the Request.

4

**RESPONSE:**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request because it purports to require Plaintiffs to disclose information or documents outside of Plaintiffs' possession, custody or control and/or seeks documents in Defendant's possession, custody, or control. Plaintiffs further object to this Request on the basis that the terms "refer" and "relate to" are vague and ambiguous. Subject to, and without waiving, the foregoing general and specific objections, Plaintiffs will produce non-privileged documents that are not subject to the work product doctrine or other immunity or exemption in Plaintiffs' possession, if any, responsive to this Request, as Plaintiffs understand the Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to Dannhauser's search for employment subsequent to January 1, 2015, including but not limited to documents relating to partnerships, ventures, or other commercial arrangements explored by Dannhauser and any offers of employment provided to Dannhauser by the same.

**RESPONSE:**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request to the extent it seeks documents protected by the attorney-client privilege, attorney work product or any other applicable law, rule, privilege or immunity. Plaintiffs further object to this Request on the basis that it seeks information not calculated to elicit evidence relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, dated subsequent to January 1, 2015, related to any interviews or meetings that Dannhauser attended, in whole or in part, for the purpose of arranging for his employment or for facilitating any partnerships, ventures, or other commercial arrangements.

**RESPONSE:**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request to the extent it seeks documents protected by the attorney-client privilege, attorney work product or any other applicable law, rule, privilege or immunity. Plaintiffs further object to this Request on the basis that it seeks information not calculated to elicit evidence relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 11:**

All communications involving Dannhauser, TD Co., or any entity affiliated with Dannhauser on the one hand and any TSG client on the other from September 24, 2015 to present.

**RESPONSE:**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request to the extent it seeks documents protected by the attorney-client privilege, attorney work product or any other applicable law, rule, privilege or immunity. Plaintiffs further object to this Request on the basis that the term "entity affiliated with" is vague and ambiguous. Plaintiffs further object to this Request on the basis that it seeks information not calculated to elicit evidence relevant to the claims or defenses in this action. Subject to, and without waiving, the foregoing general and specific objections, Plaintiffs will produce non-privileged documents that are not subject to the work product doctrine or other immunity or exemption in Plaintiffs' possession, if any, responsive to this Request, as Plaintiffs understand the Request.

**REQUEST FOR PRODUCTION NO. 12:**

All communications involving Dannhauser, TD Co., or any entity affiliated with Dannhauser on the one hand and any TSG representative, employee, or personnel on the other from September 24, 2015 to present.

9

New York, New York
June 6, 2016

By: _____  Respectfully submitted,

William A. Brewer III
Austin C. Smith
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Ave., 14th Floor
New York, New York 10022
Telephone: (212) 489-1400

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 6, 2016, a true and correct copy of the foregoing document was served by electronic mail and U.S. Postal Service upon the following counsel of record:

Edward L. Powers
Jesenia Ruiz de la Torre
**Zukerman Gore Brandeis & Crossman, LLP**
Eleven Times Square
New York, NY 10036

*[signature]*

Austin C. Smith