EXHIBIT 11

DALLAS | NEW YORK

# BREWER
## ATTORNEYS & COUNSELORS

July 22, 2016

<u>VIA EMAIL</u>

Jesenia Ruiz de la Torre, Esq.
Zukerman Gore Brandeis & Crossman, LLP
Eleven Times Square
New York, New York 10036

Re:   *Todd Dannhauser, and TD Co., L.P., v. TSG Reporting, Inc.*, No. 16-CV-
747(CM)

Jesenia:

I write in response to the letter dated June 29, 2016 (the "June Letter") sent by Defendant
TSG Reporting, Inc. ("Defendant" or "TSG"). The response of Plaintiffs Todd Dannhauser and
TD Co., L.P. (together, "Plaintiffs") is set forth below.

## Production of Documents, Generally

Subject to, and without waiving, those general and specific objections contained within
Plaintiffs' Revised Responses and Objections to Defendant's First Set of Requests for Production
of Documents ("Plaintiffs' Revised RFP Responses"), Plaintiffs agree to produce nonprivileged,
responsive documents by July 29, 2016.

## Defendant's Production

On June 30, 2016, Plaintiffs received Defendant's production responsive to Plaintiffs'
First Request for Production of Documents. The parties had previously discussed a scenario
where Plaintiffs, after receiving Defendant's production, would review and re-produce those
documents produced by Defendant which were responsive to Defendant's First Set of Requests
for Production of Documents ("Defendant's First RFP", dated May 6, 2016). At no time during
the discussions contemplating this arrangement, however, did Defendant's counsel indicate that
Defendant's production would constitute more than *half of one million* distinct documents.[1]

---

[1] Plaintiffs' counsel (Mr. Postlethwaite, Mr. Smith, and Mr. Harrison) and Defendant's counsel (Ms. Ruiz
de la Torre) discussed, *inter alia*, the productions at issue on June 27, 2016, and July 6, 2016. Defendant's
production contains 562,467 documents.

# BREWER

Jesenia Ruiz de la Torre
July 22, 2016
Page 2

Plaintiffs will not re-produce Defendant's production.  Defendant has enjoyed unfettered and complete access to these documents, including those emails contained within Mr. Dannhauser's TSG email account, for the pendency of the litigation.  Plaintiffs demand that Defendant provide the following information regarding its production:

    i.    The process by which Defendant undertook the initial collection of documents which Defendant then reviewed for responsiveness;

    ii.    The search parameters used to identify responsive documents, including an exhaustive list of search terms; and

    iii.    The names of the custodians from whom documents were collected.

## Issues Regarding General Objections

Plaintiffs respond to each issue raised by the June Letter as follows:

1. Plaintiffs have collected documents within Plaintiffs' possession, custody or control from the following two sources: (i) Mr. Dannhauser's personal Yahoo email account; and (ii) personal cell phone.  Plaintiffs are currently reviewing the material collected from these two sources and will produce nonprivileged, responsive documents by July 29, 2016.

2. Plaintiffs agree that the timeframe applicable to Plaintiffs' production is 2/1/2012 through 11/1/2015.  This timeframe applies to those documents produced in response to Defendant's First RFP and Defendant's First Set of Interrogatories (dated May 6, 2016).

3. On July 1, 2016, Plaintiffs provided Defendant a copy of Plaintiffs' Revised RFP Responses which clarified the grounds upon which Plaintiffs object to certain Requests.  To the extent that Plaintiffs object on the grounds that a given Request imposes an unreasonable burden or cost, Plaintiffs maintain that objection.  Furthermore, Plaintiffs maintain this objection in its general form as it pertains to the review and re-production of Defendant's production which, as discussed above, will not occur.

   Regarding the collection of receipts for charges made to Mr. Dannhauser's American Express corporate credit card during 2015 (the "2015 Receipts"), copies of which Defendant alleges it does not possess, Plaintiffs confirm that Plaintiffs have pursued collection of the Receipts within the realm of reasonable and diligent effort.  Plaintiffs will write to Defendant, under separate cover, regarding Plaintiffs' collection of the Receipts.

# BREWER

Jesenia Ruiz de la Torre
July 22, 2016
Page 3

4. To the extent that Plaintiffs' Revised RFP Responses indicate that Plaintiffs will produce responsive documents in accordance with Plaintiffs' understanding of each Request, Plaintiffs maintain that Plaintiffs can respond only insofar that each Request is clear. Otherwise, Plaintiffs agree that, subject to and without waiving those general and specific objections contained within Plaintiffs' Revised RFP Responses, Plaintiffs will, if necessary, ask Defendant to clarify any individual Request.

5. Plaintiffs confirm that there are no entities majority or fully owned or controlled by Mr. Dannhauser and/or TD Co., L.P. from which documents are not being collected as a result of Plaintiffs' objection to the vague and ambiguous term "entity affiliated with Dannhauser."

6. Plaintiffs provided Defendant a copy of Plaintiffs' Revised RFP Responses and Plaintiffs' Revised Responses and Objections to Defendant's First Set of Interrogatories on July 1, 2016 ("Plaintiffs' Revised Interrogatory Responses," together with Plaintiffs' Revised RFP Responses, the "Revised Responses"), which clarified the grounds on which Plaintiffs object to certain Requests and/or Interrogatories. To the extent that the Revised Responses do not sufficiently address any of the issues raised in the June Letter, please notify me at your earliest convenience.

## Issues Regarding Specific Responses

a) In Plaintiffs' Revised Interrogatory Responses, Plaintiffs identify an instance where Defendant not only erroneously calculated a commission payment rightfully due to Mr. Dannhauser, but also expressed a willingness to "sit back and wait for [Plaintiffs] to point out" that erroneously calculated commission payment.[2] Plaintiffs continue to analyze the material produced or otherwise made available in the above-referenced litigation and reserve the right to supplement Plaintiffs' Revised Interrogatory Responses in the future.

b) Plaintiffs object to Document Request Nos. 9, 10, and 17 on the grounds that these Requests seek information outside the scope of permissible discovery.[3] The Federal Rules permit discovery of nonprivileged matter that is relevant to the parties' claims and defenses *and* proportional to the needs of the case.[4] The information sought by

---

[2] *See* Exhibit A to Plaintiffs' Revised Interrogatory Responses.

[3] *See* Plaintiffs' Revised Responses and Objections to Defendant's First Set of Requests for Production of Documents Nos. 9, 10, and 17.

[4] *See* FED. R. CIV. P. 26(b) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .").

# BREWER

Jesenia Ruiz de la Torre
July 22, 2016
Page 4

these Requests is neither relevant nor proportional to the resolution of Plaintiffs' declaratory judgment claim that the Noncompetition Agreement is unenforceable as a matter of law.

Plaintiffs seek declaratory judgment that the Noncompetition Agreement, to the extent that it purports to preclude Mr. Dannhauser from contacting TSG clients for unrelated services and/or from pursuing marketing opportunities at firms that do not provide the same court reporting and video services provided by TSG, is unreasonable and unenforceable.[5]  The relief sought by Plaintiffs—declaratory judgment—is appropriate because this claim exclusively concerns Mr. Dannhauser's *legal* rights under the Noncompetition Agreement.[6]  Furthermore, a claim for declaratory judgment is the optimal method by which a contract dispute can be settled in the absence of an allegation that such contract was breached or violated, as is the case here.[7]

In addition, Defendant has not suggested or alleged, through its defenses and/or counterclaims, that Mr. Dannhauser has breached or otherwise violated any of the provisions of the Noncompetition Agreement.  Therefore, because documents allegedly responsive to Request Nos. 9, 10, and 17, if any, would have no bearing on the Court's determination of the purely legal issue encapsulated by Plaintiffs' claim, these Requests seek information that would fail to elicit relevant information.

c) Plaintiffs' Revised RFP Responses have clarified the grounds on which Plaintiffs object to Request No. 18.  Plaintiffs will produce nonprivileged documents responsive to Request No. 18, if any, by July 29, 2016.

d) Plaintiffs maintain the objections made to Request No. 21 as provided in Plaintiffs' Revised RFP Responses.

---

[5] *See* Amended Complaint, filed April 19, 2016, at para. 53.

[6] *See* N.Y. C.P.L.R. § 3001 (2009), which provides, in part: "[t]he supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed."

[7] *See, e.g., Lang v. Hanover Ins. Co.*, 820 N.E.2d 855, 858 (2004) ("What distinguishes declaratory judgment actions from other types of actions or proceedings is the nature of the primary relief sought—a judicial declaration rather than money damages or other coercive relief.") (citations omitted); *see also Kalisch-Jarcho, Inc. v. City of New York*, 72 N.Y.2d 727, 731 (1988) ("A declaratory judgment action may be an appropriate vehicle for settling justiciable disputes as to contract rights and obligations.") (citations omitted); *New York Pub. Interest Research Grp., Inc. v. Carey*, 369 N.E.2d 1155, 1157 (1977) ("In the typical case where the future event is an act contemplated by one of the parties, it is assumed that the parties will act in accordance with the law and thus the court's determination will have the immediate and practical effect of influencing their conduct.").

# BREWER

Jesenia Ruiz de la Torre
July 22, 2016
Page 5

    e) Plaintiffs maintain the objections made to Request Nos. 30 and 31 as provided in Plaintiffs' Revised RFP Responses.

    f) Plaintiffs maintain the objections made to Interrogatory No. 7 as provided in Plaintiffs' Revised Interrogatory Responses.

    g) Plaintiffs' Revised Interrogatory Responses have clarified Plaintiffs' Responses to Interrogatory Nos. 3, 5, 6, and 9.

    h) Plaintiffs confirm that the identification of counsel as persons having knowledge of the case does not indicate that counsel will testify on Plaintiffs' behalf.

Regarding your suggestion that the parties defer resolution of items (d) and (f) until after mediation, Plaintiffs maintain the objections as provided in Plaintiffs' Revised Responses.

Sincerely,

Preston J. Postlethwaite