EXHIBIT 12

## ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

Eleven Times Square  
New York, New York 10036

212.223.6700  
212.223.6433 *fax*

www.zukermangore.com

August 5, 2016

**Via E-mail**

Preston Postlethwaite, Esq.
Brewer, Attorneys & Counselors
750 Lexington Avenue, 14th Floor
New York, New York 10022

Re: *Todd Dannhauser and TD Co., L.P., v. TSG Reporting, Inc., Case No. 16-CV-747(CM)*

Dear Preston,

We write in reply to your July 22, 2016 letter, responding to my June 29, 2016 regarding a number of discovery issues.

A. <u>Dannhauser's Emails and the Commission Claims:</u>

From the outset, you or your predecessor counsel have explained that Plaintiffs could not produce documents we have requested – primarily those documents that support Plaintiffs' commission claims in this action – until your received access to all of plaintiff Mr. Dannhauser's emails, together with an additional day of auditing Defendant TSG's commission records. Consequently, we agreed to provide Plaintiffs with *unfettered access to Mr. Dannhauser's entire email box*, and scheduled a second audit day.[1] A copy of Mr. Dannhauser's email account was furnished to you on June 30, 2016, and Plaintiffs conducted their second on-site audit at TSG on July 12, 2016. As of this date, however, Plaintiffs have not come forward with any emails demonstrating or supporting any claim to additional commissions.

At this point, and given the absence of any documentation from Plaintiffs supporting their commission claim, please let us know if Plaintiffs will agree to withdraw the commission

---

[1] Plaintiffs similarly explained that they could substantiate, at least in part, Mr. Dannhauser's claimed expenses that are the subject of TSG's counterclaim if they could access Mr. Dannhauser's TSG email account.

ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP
Preston Postlethwaite, Esq.
August 5, 2016
Page 2

claim. Assuming Plaintiffs agree to withdraw this claim, we can include this in the proposed stipulation and order discussed below.

Alternatively, if Plaintiffs are still asserting a commission claim, Plaintiffs must update their discovery responses and disclosures, including the production of all responsive documents (whether from Mr. Dannhauser's emails, the audits, and otherwise), in a timely manner pursuant to Fed. R. Civ. Pro. 26(e). Given the upcoming mediation, we request this information no later than August 12th.

Let us know how you plan on proceeding.

### B.  Employment Search Documents:

Plaintiffs continue to take the position that they will not, and need not, produce documents we have requested relating to Dannhauser's claim for a declaratory judgment that the restrictive covenants are unenforceable. According to Plaintiffs, documents pertaining to the allegations in paragraph 43 of the amended complaint that Mr. Dannhauser has been "prevented" from "considering new employment opportunities" are not relevant because the declaratory judgment claim is a purely legal issue that does not require such documents to be adjudicated. While we disagree, we are prepared to enter into a stipulation confirming that Plaintiffs intend to pursue this claim as a pure legal issue and will not point to any facts or documents regarding actual employment opportunities that Mr. Dannhauser has been allegedly been prevented from considering. The draft stipulation and order is attached as Schedule A to this letter. Assuming we can agree, then we can put this issue aside without needing to trouble the Court.

### C.  Counterclaim Collection:

On May 25, 2016, more than two months ago, we provided to Plaintiffs an excel spreadsheet that listed the Amex expenses for which Defendant did not have any receipts or other necessary back up. Plaintiffs agreed to prioritize getting us receipts and explanations for the largest expenses first. Where does this stand?

Also, we noticed some receipts scattered among the production Plaintiffs just served. To the extent you are relying on those receipts to document any expenses listed in the excel sheet we provided, we ask that you list the Bates numbers of the receipts in an updated version of the excel.

To make the mediation productive, we request such updated excel sheet no later than August 12th.

D.     Defendants' Collection Efforts:

In addition to the description of TSG's document collection efforts that were described in our July 26, 2016 letter, we have attached as Schedule B a list of search terms that have been utilized by our third-party vendor in connection with the search described in my colleague Florence Beauboeuf's letter to you dated July 26, 2016.

E.     Plaintiffs' Collection Efforts:

Please provide a list of the search terms that were applied to Mr. Dannahuser's personal email account and the time period used (we suggested search terms in our July 12th letter and did not get a response). We need confirmation that those terms were searched. We note that there are many responsive emails that were sent to Mr. Dannhauser's personal email that were not produced (for example, an October 14, 2015 email from Joseph Maloney with attachments). This raises potentially serious questions about the search that was undertaken.

Please also provide a list of the boxes/folders that were searched within Mr. Dannhauser's personal email. We need to confirm, for example, that his sent and deleted items were searched.

With respect to text messages, we need to know how Plaintiffs collected text messages, the searches performed, the time period used, and the time period during which Mr. Dannhauser had the phone that was searched. It is our understanding that he used several phones during the relevant time period. We need to know what Plaintiffs did to collect texts from each of those phones. In our June 29th letter we also requested information related to how long he had his cell phone(s), and confirmation that he disabled the auto-delete functions on his cell phone. Plaintiffs have not responded to these inquiries.

We note that only a single text message appeared in Plaintiffs production (TD000004), which we believe is insufficient given Mr. Dannhauser's frequent resort to text messaging.

If searches were performed on other media, aside from personal emails and texts, please disclose the same.

F.     Deficiencies in Plaintiffs' Document Production:

Generally speaking, there was very little of substance in Plaintiffs' production. Indeed, roughly one hundred pages of the 611 page production was a deposition transcript with exhibits from a wholly unrelated matter.

ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP
Preston Postlethwaite, Esq.
August 5, 2016
Page 4

There are also specific requests for which we could not locate any documents in Plaintiffs' production even though it seems likely that additional responsive documents would exist. Specifically, No. 6 (some, but not all, agreements with TSG were produced), and Nos. 27-28 (no documents regarding the ownership of TD Co. were produced).

Nevertheless, please confirm that Plaintiffs have nothing more to produce in response to TSG's document demands, other than the materials, if any, we have demanded in this letter by August 12th.

G. Time period:

We understand Plaintiffs' position to be that the timeframe used for all aspects of the case, including the commission claim and TSG's counterclaim, will be February 1, 2012 to November 1, 2015. As a result, Plaintiffs will not seek to put commissions at issue in the case outside of this time period. Please understand that if Plaintiffs do intend to pursue the commission claim, TSG reserves its rights to challenge any claim pertaining to commissions prior to 2015, due to Mr. Dannhauser's acceptance, without audit or dispute of any kind, his commissions until after his termination in late 2015.

H. Verification of Interrogatories:

A verification page is still needed for Plaintiffs' supplemental interrogatory responses. Please provide the verification no later than August 5.

I. Claw back:

Plaintiffs have not yet responded to our July 12, 2016 letter related to clawing back the privileged email chain that Plaintiffs attached to their supplemental interrogatory response. Please provide a written response to our letter by the close of business on Monday, August 8th.

J.    <u>Privilege/Redaction Logs:</u>

Please let us know when you plan on producing logs related to withheld communications.

Very truly yours,

*Jesenia Ruiz de la Torre* / ss

JRDLT/ss

Enclosures

cc:    Edward Powers, Esq.,

       Joseph Maloney, Esq.,

       Florence Beauboeuf, Esq.

## SCHEDULE A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD DANNHAUSER, and
TD CO., L.P.,

    Plaintiffs,

v.

TSG REPORTING, INC.,

    Defendant.

---

TSG REPORTING, INC.,

    Counterclaim-Plaintiff,

v.

TODD DANNHAUSER and
TD CO., L.P.,

    Counterclaim-Defendants.

Case No. 16-CV-747(CM)

**STIPULATION AND ORDER**

COLLEEN MCMAHON, U.S.D.J.

    WHEREAS Plaintiffs Todd Dannhauser and TD Co., L.P. ("Plaintiffs") filed an amended complaint in the above-captioned action which, among other claims, seeks a declaratory judgment concerning the validity of non-competition covenants entered between Plaintiffs and TSG Reporting, Inc. ("Defendant"); and

    WHEREAS the amended complaint alleges that Plaintiff Dannhauser has been prevented from considering new employment opportunities as a result of the allegedly overbroad restrictive

covenants at issue, and Defendant has demanded documents and information related to this allegation (including Defendant's Document Demands Nos. 9, 10, 17 and Defendant's Interrogatories No. 4) (the "Employment Search Demands"); and

WHEREAS Plaintiffs have refused to provide documents or information in response to the Employment Search Demands on the ground that their declaratory judgment claim is presents a pure legal question that renders the Employment Search Demands irrelevant and beyond the scope of discovery in this action.

IT IS HEREBY STIPULATED, AGREED, AND ORDERED that Plaintiffs will not be allowed to use any documents or information responsive to the Employment Search Demands in the above-captioned action for any purpose, including but not limited to introducing the same into evidence on a motion, at a hearing, or at a trial.

SO STIPULATED AND AGREED.

ZUKERMAN GORE BRANDEIS
& CROSSMAN, LLP

BREWER, ATTORNEYS & COUNSELORS.

By: _____
   Edward Powers
   Jesenia Ruiz de la Torre
Eleven Times Square
New York, New York 10036
(212) 223-6700
*Attorneys for TSG Reporting, Inc.*

Dated:

By: _____
   Preston Postlethwaite
750 Lexington Ave, 14th Floor
New York, NY 10022
(212) 527-2586
*Attorneys for Todd Dannhauser and TD Co., L.P.*

Dated:

SO ORDERED.

_____
COLLEEN MCMAHON, U.S.D.J.

Dated: New York, New York
       August ___, 2016

## SCHEDULE B

Date Range: 1/1/2004 - Present
Cause w/in 50 words (Dannhauser or Todd)
Fire* w/in 50 words (Dannhauser or Todd)
Terminat* w/in 50 words (Dannhauser or Todd)
"Marketing Agreement" w/in 50 words (Dannhauser or Todd)
"Co-Sale Agreement" w/in 50 words (Dannhauser or Todd)
"Co Sale Agreement"  w/in 50 words (Dannhauser or Todd)
(Noncompet OR non-compet*) w/in 50 words (Dannhauser OR Todd)
Aidun
stock & option & (todd OR dannhauser)


Date Range: 1/1/2011 - Present
AMEX AND (Dannhauser or Todd)

Date Range: 9/22/2015 – Present
"Workplace Incident"
"Brenda Winfree" & (Dannhauser or Todd)
(Nick or Nickolas or Garcia) & (Dannhauser or Todd)
ADP & (Dannhauser or Todd)
4834-9772-8565.3