UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

TODD DANNHAUSER, and
TD Co., L.P.,

  Plaintiffs,

v.

TSG REPORTING, INC.,

  Defendant.

_____

TSG REPORTING, INC.,

  Counterclaim-Plaintiff,

v.

TODD DANNHAUSER and
TD CO., L.P.,

  Counterclaim-Defendants.

---------------------------------------- X

Case No. 16-CV-747(CM)

**AFFIDAVIT OF MATTHEW C. HARRISON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO TSG'S MOTION FOR AN ORDER OF PRECLUSION**

STATE OF NEW YORK )
         ) ss:
COUNTY OF NEW YORK )

MATTHEW C. HARRISON, being duly sworn, deposes and says:

1. I am a Consultant with Brewer, Attorneys and Counselors, counsel for Plaintiffs Todd Dannhauser and TD Co L.P. (collectively, "Dannhauser").

2. On December 8, 2015, I visited the offices of TSG Reporting, Inc. ("TSG") on behalf of Dannhauser to audit the accuracy of the commission payments made to Dannhauser from February 2012 through November 30, 2015. At TSG, I was met by Michael Rixon

1

("Rixon"), CEO of TSG, and Jaclyn Huber ("Huber"), Director of Finance of TSG. At the outset of the audit, Rixon informed me that there were no documents to review, and instead all information and data regarding Dannhauser's commissions were contained in TSG's propriety databases and manually prepared spreadsheets. Throughout the course of the audit, Rixon controlled the databases and spreadsheets while I asked questions regarding the allocation and calculation of specific commission payments at issue. My audit revealed erroneous calculations with respect to certain commissions paid to Dannhauser for services rendered by TSG to Dannhauser's exclusive clients

3. On July 12, 2016, I visited for the second time the offices of TSG in order to audit the accuracy of the commissions paid to Dannhauser. At the audit, I was given access to TSG's database that aggregates client information and identifies the TSG salesperson responsible for maintaining the relationship with each client, to whom TSG would pay a commission, and in what amount, for the rendition of TSG's court reporting services. Although TSG provided access to this database, the database did not provide sufficient information to ascertain the method by which TSG calculates the dollar amount of commissions paid, nor did it contain any records supporting the actual revenue generated by TSG or commissions paid to its sales people, including Dannhauser.

4. On the afternoon of November 18, 2016, I spoke via telephone with Jesenia Ruiz de la Torre ("Ms. Ruiz"), counsel for TSG, during which time she asked what specifically Dannhauser was seeking to ascertain with respect to Interrogatory No. 13. I informed Ms. Ruiz that Dannhauser was looking for the precise calculation and application of RARE, as defined in the Marketing Agreement (Revenue after reporter expense). Ms. Ruiz informed me that she

would speak with her client, TSG, who would be prepared to discuss the manner in which RARE is calculated.

5.   Later on the afternoon of November 18, 2016, Ms. Ruiz called me to inform that she had spoken with her client and was prepared to provide an explanation of the RARE calculation. Ms. Ruiz stated that RARE stands for revenue after reporter expense, and that 'Reporter Expense' is shorthand for all expenses including expenses in addition to the court reporter. For example, Mr. Ruiz listed third party services such as renting a conference room as expenses that TSG incurs and includes in 'Reporter Expense.'

Dated: December 1, 2016

*Matthew C. Harrison*
Matthew C. Harrison
Consultant
Brewer, Attorneys & Counselors

Sworn to before me this
1st day of December, 2016

NOTARY PUBLIC

CHRISTELLA XU
NOTARY PUBLIC-STATE OF NEW YORK
NO. 01XU6252795
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES 01-12-2020